IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COLLEEN KEMPF, | ) | CASE NO. 1:16 CV 644 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Colleen Kempf under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 8. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 5.

[6] ECF # 11.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] A telephonic oral argument was scheduled for June 7, 2017, but was cancelled.[10] After review of the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument, and, therefore, the telephonic oral argument was not rescheduled.

## Facts

**A.   Background facts and decision of the Administrative Law Judge ("ALJ")**

Kempf who was fifty-four years old at the time of the administrative hearing,[11] has a high school education with some college.[12] She lives with her husband, adult daughter, and granddaughter.[13] Her past relevant employment history includes work as a financial manager.[14]

---

[7] ECF # 21 (Commissioner's brief); ECF # 16-1 (Kempf's brief).

[8] ECF # 21-1 (Commissioner's charts); ECF # 16, Attachments 2-5 (Kempf's charts).

[9] ECF # 16 (Kempf's fact sheet).

[10] ECF #'s 22, 23.

[11] ECF # 10, Transcript ("Tr.") at 39.

[12] *Id.* at 41.

[13] *Id.* at 39.

[14] *Id.* at 43.

The ALJ, whose decision became the final decision of the Commissioner, found that Kempf had the following severe impairments: depression and bipolar disorder (20CFR 404.1520©).[15]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Kempf's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant, through the date last insured, had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant could never have exposure to unprotected heights, moving mechanical parts, operating a motor vehicle; she must avoid concentrated exposure to humidity, wetness, extreme cold, extreme heat, vibration, dust, odors, fumes and pulmonary irritants and she could have exposure to noise found in a normal office setting. She is limited to simple, routine tasks; simple work-related decisions; occasional interaction with supervisors and coworkers and no interaction with the public.[16]

Given that residual functional capacity, the ALJ found Kempf incapable of performing her past relevant work as financial manager.[17]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ

---

[15] *Id*. at 20.

[16] *Id.* at 22.

[17] *Id*. at 26.

determined that a significant number of jobs existed locally and nationally that Kempf could perform.[18] The ALJ, therefore, found Kempf not under a disability.[19]

**B.      Issues on judicial review**

Kempf asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Kempf presents the following issues for judicial review:

- Whether the ALJ erred in rejecting the opinions of plaintiff's treating physicians.[20]

- Whether the ALJ's credibility analysis is supported by substantial evidence.[21]

For the reasons that follow, I conclude that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed and remanded.

## Analysis

**A.      Standard of review - substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is

---

[18] *Id.* at 27.

[19] *Id.* at 28.

[20] ECF #16-1, at 1.

[21] *Id.*

limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[22]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[23] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[24]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[22] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[23] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[24] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

**B.    Application of legal standards**

*1.    The assignment of little weight to the opinion of the treating psychiatrist, Dr. Heather, does not have the support of substantial evidence.*

In determining the weight assigned to Kempf's treating psychiatrist, Dr. Heather, the ALJ assigned "little weight."[25]  The ALJ sets out the reasons for the weight assigned in the paragraph in which he assigns that weight.[26]

I have set out in great detail the legal standards applicable to judicial review of the weight assigned by ALJs to opinions of treating sources in a number of my prior decisions, and in particular in *Smith v. Commissioner of Social Security,*[27] which in relevant part I incorporate by reference here.

Without question, if given controlling or substantial weight, the opinion of Dr. Heather would have required a finding of disability as of November or December of 2011, before the date of last insured.  Dr. Heather provided a detailed RFC, which included specific limitations with narratives.[28]  He had a treating relationship from November 17, 2011 to at least May 30, 2013, the date of his RFC opinion, which involve office visits at least

---

[25] Tr. at 26.

[26] Id.

[27] *Smith v. Comm'n of Soc. Sec.*, 5:13 CV 870, 2014WL1944247, at \*\*2-8 (N.D.Ohio May 14, 2014).

[28] Tr. at 1154-56.

monthly.[29] He opined that Kempf's limitations existed as of the date of the first visit, and her disabilities were established as of December 2011.[30]

The Commissioner does not and cannot maintain that the onset of Kempf's disability in close proximity to the date of last insured disqualifies her from eligibility for benefits. As the Sixth Circuit held in *Garner v. Heckler*,[31] a claimant "must establish 'the onset of disability *prior* to the expiration of his insured status.'"[32] He need not prove, however, that he was disabled for a full twelve months before the date of last insured.[33]

Beyond question the ALJ's articulation as to the weight assigned to Dr. Heather's opinion does not meet the two tier analysis requirements provided for by the regulations and explained in the Sixth Circuit's decision in *Gayheart v. Commissioner of Social Security*.[34] Although it may be arguable that unreported decision of the Circuit provide for some lenity where the ALJ provides some good reasons for the weight assigned, if those reasons are comprehensive enough to include the criteria provided for in each tier of the *Gayheart* analysis, the ALJ's effort her does not qualify for that lenity.

---

[29] *Id*. at 1154.

[30] *Id*. at 1163.

[31] *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984).

[32] *Id*. at 390. Also *Mousa v. Comm'n of Soc. Sec.*, 1:16 CV 352, 2017WL191435, at *3 (W.D. Mich. Jan. 18, 2017).

[33] *Id*.

[34] *Gayheart v. Comm'n of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

Essentially the ALJ gives one over-arching reason for the weight assigned - conflict with the medical evidence before the onset of Kempf's treating relationship with Dr. Heather. Although this may be a fair observation, requiring the finding of an onset date in November or December of 2011, it does not provide sufficient reason to discount Dr. Heather's opinion. In fact the ALJ's statements acknowledge that Kempf experienced "highs and lows"[35] and "exacerbation periods."[36] This is not inconsistent with Dr. Heather's opinion that Kempf experienced exacerbation in November of 2011 that continued at least into mid-2013.[37] The ALJ made no reference to the credentials of the treating source -a psychiatrist and the Director of the University Hospitals of Cleveland Mood Disorder Intensive Outpatient Program - which is a significant factor under *Gayheart's* Tier 2 analysis.

The ALJ did not give good reasons for refusing to give Dr. Heather's opinion controlling or substantial weight or for giving that opinion only little weight. The Commissioner's decision to deny benefits must be reversed and remanded.

## 2. *Instructions on remand*

The ALJ's error here does not necessarily require a finding of disability and an award of benefits on remand. As my analysis above states, the substantial evidence does support the ALJ's RFC finding until approximately November of 2011. At best, if the opinion of Dr.

---

[35] Tr.at 26.

[36] Id.

[37] Acceptance of Dr. Heather's opinion "as of the date it was signed," as assumed arguendo by the ALJ (Tr.at 26), would further support that Kempf's disability met the 12-month durational requirement,

Heather receives increased weight, it would support an onset date in November or December of 2011. The ALJ, therefore, may need to make a finding as to this onset date, which may require the testimony of a medical expert. Accordingly, if the ALJ gives increased weight to Dr. Heather's opinion, the RFC finding must be reconsidered. As part of this reconsideration, the credibility of Kemph's statements as to the intensity, persistence, and limiting effects of her symptoms must be reevaluated.

The ALJ should properly articulate as to both the weight assigned to Dr. Heather's opinion and the Kempf's credibility consistent with the standards set out in my decisions in *Smith v. Commissioner of Social Security*[38] and *Cross v. Commissioner of Social Security*.[39]

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Kempf had no disability. Accordingly, the decision of the Commissioner denying Kempf disability insurance benefits is reversed and remanded for further proceedings consistent with this decision.

IT IS SO ORDERED.

Dated: September 22, 2017    s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[38] *Smith v. Comm'r Soc. Sec.*, 2014WL1944247, at *8.

[39] *Cross v. Comm'r Soc. Sec.*, 373 F.Supp.2d 724, 732-33 (N.D.Ohio 2005).